Good morning, Your Honors. Brandon LeBlanc on behalf of the petitioners, Zameer Azam. Just a minute. Just a minute. Let's let everybody clear. Apologies. Is this your colleague? It is your colleague. All right. Give her a chance to sit down. If she's your mad briefer, you want her right there to your side. Actually, even closer would be better. That's fine. You know, I remember being the mad briefer once in my career. Long before you were alive, I'm sure. Nonetheless, you want to have your mad briefer close. She's the best of us. All right. She's down. Government's down. Go ahead. Thank you, Your Honor. Brandon LeBlanc on behalf of the petitioners, Zameer Azam. I intend to reserve two minutes for rebuttals, Your Honor. In this appeal, this Court issued a certificate of appealability as to whether the district court properly dismissed as untimely Mr. Azam's second petition, including whether the appellant is entitled to equitable tolling based upon the district court's dismissal of his earlier petition under Sherwood v. Tompkins and other case law. Are we bound by that? You're not, Your Honor. But we respectfully urge that this Court's recent opinion in Butler v. Long, which the Court advised the parties to be prepared to discuss, is on-point authority, which impels the conclusion that the district court in this case, just as in Butler, improperly dismissed Mr. Azam's first Federal habeas petition, therefore entitling him to equitable tolling. Isn't this all dependent on whether the first petition was a mixed petition? Yes, Your Honor. The first petition was a mixed petition. Well, I know you've said it was. What evidence? First of all, you have the burden of persuasion on this particular matter, don't you? Yes, Your Honor. So what evidence do I have in this record that this was a mixed petition? Your Honor, as we argued, there were six exhausted claims in Mr. Azam's first Federal habeas petition and three unexhausted claims. Well, as I understand it, the district court didn't necessarily think that, because the district court said all of your claims are now in your State petition and you haven't got that State petition finished, and because you haven't got that State petition finished, I'm going to dismiss and let you go exhaust all these claims. So is it the Court's So what do I have in the record to suggest that there were exhausted issues in the first petition? Is it the sufficiency of the evidence claim? Is that the one he exhausted? That is correct, Your Honor. I'll lose it. Can you give us a cite for this, a record cite? Because I think that's what Judge Smith is getting at, and it takes some hunting. I want to make sure I've got it right. I'm not sure I do. Well, I was going to have him suggest it. You got some help there. Well, the time is ticking. The time is ticking. You got some help from my colleague, who seems to want to help you here. But I wanted to know where it was. I looked, too, and I didn't find it. I'm not sure I've got it right. I need the citation, please. Your Honors, I will have to hunt for that a bit. The mad briefer better get to work. The mad briefer is on it. Okay. Because all of your argument is premised on a mixed petition. If it isn't a mixed petition, Butler has no relevance whatsoever, correct? Correct, Your Honor. And if it is a mixed petition, and we certainly intend to provide the Court with a citation proving that it is. Well, it's important, counsel, because I think it's conceded. It's all dependent upon that. And, I mean, I think there might be one. So I just want to be really clear about how important this is. And I can't be certain, so. And so providing that one citation, Your Honor, and proof that we have one exhausted claim under Butler, because then Butler would apply.  This Court found that as long as there was at least one exhausted claim, that the Petitioner's second petition would have been entitled to equitable tolling, which would be the same case here. What do you do with the government's argument on equitable tolling that the plaintiff failed to request equitable tolling on any ground in the district court? The parties did not discuss it. The district court did not address it. That's for Dangshire. And this argument is waived. Your Honor, I think that as an initial matter, this Court has a practice of liberally construing pro se litigants' filings. That's number one. Number two, the district court interpreted Mr. Azam's briefing surrounding the State's motion to dismiss as requesting a relation back, trying to evoke the relation back doctrine. The district court did not address equitable tolling. The Court is correct. This Court issued a certificate of availability, a certificate of appealability as to whether or not equitable tolling would apply. Well, I understand. I guess I don't know who issued it. But since it wasn't in the record, it was a little surprising to me. They want me to focus in on it because they're my colleagues. I do. You had my colleague help you with one point. I defer to them quite a bit. But I guess the bottom line is, what part of your client's words or what he argued or what he did in relation to the government's motion to dismiss should I look at to suggest he ever talked about equitable tolling, even a pro se? That's correct, Your Honor. At the record at 25. Okay. Mr. Azam informed the Court that he had complied with the Court's order of dismissal, had returned to state court, fully exhausted his state proceedings, and had come back diligently and refiled, and that the case should be decided on the merits, and that he was under the belief that he had to go resolve the state proceedings before he could come back to federal court and file a new petition. He was essentially liberally construing that, requesting that the Court, in light of its earlier dismissal, either relate back his second petition to the first or indirectly that equitable tolling should apply, that he had done what he could. Well, if I suggest that this is all rather than on equitable tolling, it's on relation back, because I think some of the same doctrine would apply, I'm still trying to determine how I can make that into an equitable tolling argument. Because I don't think he ever made one. I think he made a relation back argument. I guess that's the best I can see, because that's what he seemed to be looking at. So I'm trying to suggest, okay, so he talks about relation back, but because it could be, it might be also applicable for another argument, I'm to make it that way? Well, I think in this case, Your Honor, this circuit's precedent in Jefferson v. Budge is instructive. In that case, this Court issued a certificate of appealability on the issue of whether, in light of Smith v. Rattell, Appellant's habeas petition related back to his previously dismissed petition. But then the Court, in its analysis, focused strictly on equitable tolling, and said that, in fact, equitable tolling applied and actually didn't focus on the relation back argument. And what three did that? I'm sorry? What three of my colleagues did that? I wasn't there. I wasn't either. And I'm sure this good judge wouldn't have done that. It was Judges Thomas, Silverman, and Clifton. All right. And what I think that demonstrates is that the Court's correct. These are very closely related doctrines, very closely related doctrines, and this Court has treated them similarly. So even when it certifies the issue of whether or not relation back applies, it ultimately goes further and looks at equitable tolling. And because we do that, your client is entitled to do that in his argument against a motion to dismiss? I'm not meaning to suggest that, Your Honor. I'm just saying there is precedent for that. But then it's also the case that this Court issued the COA as to whether or not equitable tolling applied. And the issues have been fully briefed by the parties. And this Court, under its precedent, has said that when you have a fully briefed issue, I don't believe that the State here objected to the merits of the COA and whether or not equitable tolling could be argued here. It's been fully briefed. The Court's been apprised. And I think it would be appropriate. And I'd ask to reserve the remaining balance of my time. All right. Thank you. Good morning. Excuse me. May it please the Court, Arthur Beaver for Respondent at Pele. For the reasons given in our brief, we believe that both of Petitioner's arguments are forfeit. Neither of them were developed or raised explicitly in the district court below. Counsel, could you address the exhaustion issue? Sure. Was there one unexhausted claim? There does appear to be one unexhausted claim. The citations that I found were at ER 103, he raised the claim of insufficient evidence of kidnapping, and at ER 802. That is a citation to the California Supreme Court petition for review raising the same issue in 2006. So it's just the one claim? That's the only one that I could find. I really appreciate your candor and help on that. So thank you. And to be perfectly candid, I did not actually look at the merits of that issue. I see that the headings are the same, insufficient evidence. I'm not entirely sure whether there's any nuance raised in the California Supreme Court that may be different. Exhaustion was not an issue that was briefed by our office below. We explicitly disavowed. Well, my worry was, and my question was going to be, since nobody talked to me about that, I guess I can assume it's mixed. And our position is that because the issues were never litigated below, the issues are forfeit here.  Yes. In both the relation back and the equitable tolling argument, neither was explicitly raised below. As the courts pointed out, the relation back argument was briefly addressed by the court and arguably raised by Petitioner in his petition. Equitable tolling was certainly not. The Petitioner and Butler also faced a forfeiture challenge in the Ninth Circuit, and the court found that his claim was not forfeit or waived because he mentioned equitable tolling. He cited to Rose, and he also explained his reliance on the earlier dismissal order, saying it's without prejudice. Here we only have the last factor, arguably. Perhaps his mention of a previous dismissal might form some basis for relating Petition 2 back to Petition 1 or arguably be construed as an equitable tolling argument, but those are stretches going far beyond the liberal reading that we're supposed to give his filings below. And again, as we argued in our brief, that's why we believe that these claims shouldn't be heard. I think I didn't have a lot of trouble worrying about the sufficiency of the evidence. I think he had that one exhaustive claim, I think so, and I appreciate your putting that to bed for me. But I have a different concern about this case, and that is that, you know, at some point, it feels like we do expect an awful lot of clairvoyance on the part of the pro se, I have to say. We give a lot of deference, a lot of latitude for pro se litigants, but they're not. The district court isn't a mind reader, so. That's correct. The district court, when it dismissed the first petition, had no way of knowing how the California Supreme Court would rule on the pending State petition at that time. And indeed, if the California Supreme Court had denied it on its merits without imposing any kind of procedural default, then the second petition would have been dismissed. The district court shouldn't be placed into a position where it has to act as counsel or advisory counsel to a pro se petitioner. So you distinguish the other case, Butler, because the petitioner actually used the phrase equitable tolling? Among three supports for that opinion's finding of no waiver was, first, that he did mention equitable tolling in his pleadings, a phrase which I couldn't find in any of the pleadings in the district court. And second, he cited to Rose, which is one of the significant cases in dealing with equitable tolling. And third, he also described his reliance on the dismissal order from the first petition in framing his delay for the second. Here, we have only that third factor, and that's hardly sufficient to raise the issue. Again, in Butler, we have an explicit use of the word, of the phrase equitable  Here, we don't. If we cannot agree with you about the waiver argument, is there any way to distinguish Butler from this case on equitable tolling? Assuming that this court is not inclined to find forfeiture, then it would be very difficult for me to frame an argument where we could distinguish Butler on the merits of what happened. As in Butler here, we had a mixed petition, apparently, dismissed without the Petitioner being given leave to amend. And under the opinion in Butler, that seems to entitle Petitioner to equitable tolling from the time that the first petition was dismissed until he filed the second petition. But as we indicated in our brief, Petitioner was never affirmatively misled by the first dismissal order, and there's no indication that he would have proceeded  by the dismissal order. Well, the dismissal order was correct. Under the law, the district court did not have the power to consider a mixed petition, and so it dismissed it. Under controlling circuit law, he's the court should have given, assuming it was a mixed petition, should have given the Petitioner the right to amend his petition by dropping the unexhausted notice. Isn't that getting misled? No, because, again, the court's not required to advise the Petitioner. And under the opinions coming down since from Ford v. Hubbard to Plyler v. Ford, the Supreme Court made it clear that district courts are not to act as counsel, and the failure to give specific warnings such as the potential consequences of this dismissal is not required by the court. I always tell them that, but I guess I wouldn't have to. It's – it would be very helpful to – I'm sure they would appreciate it, but it's not legally required. Moreover, as I was mentioning earlier, there is no indication here that he would have proceeded on his one or perhaps other exhausted claims. He requested a stay before the dismissal order in his original petition. Obviously, he wanted to proceed on the entire thing. So if we change from equitable tolling to the relation back and we assume that he has not waived his argument, where do I go? Well, first off, he is unlike most of the cases cited by appellant in that he never challenged the dismissal of Petition 1. I'm sorry. I have them called Petition 1 and Petition 2 in my notes. He accepted the dismissal of Petition 1. So, for example, I forget which case this was. Well, in Dilsby Small and Raspberry v. Garcia, once the petition is gone, the first thing that comes back is nothing to relate back to. So unlike Anthony, there is no exercise of equitable powers here where we're not talking about relation back exactly. We are talking about relation back, but here he accepted it and informed consent was never required, as made clear in Parler v. Ford. As a result, he simply took the dismissal, went back to court in the State court, and then refiled in district court. He accepted the dismissal. He didn't argue that that one was a – that the Petition 1 was improperly dismissed at any point until here. And for that reason, there should be no relation back. So Raspberry and Dils would – would apply and, therefore, preclude the relation back. That's the – that is really the emphasis of your argument. Yes, Your Honor. But, again, our first and primary argument. And, therefore, I just wanted to suggest what your argument would be if that weren't some way bought. Do you want to say anything about the procedural default? I really would not like to, Your Honor. That case was not – that issue was not part of the COA. And assuming that this Court finds no forfeiture and follows the remedy prescribed by Butler and remands the case to the district court, I would urge the Court to include something in the opinion about how the procedural default issue, which was resolved in the district court, should not be touched. Unless there are any further questions, we're prepared to submit them briefly. That's why you didn't brief it, of course. Correct, Your Honor. We typically do not make it a practice of briefing issues for which there's no COA. Understood. Thank you for your argument. Thank you. Thank you, Your Honor. There are a few different issues I want to address with the assistance of my mad briefer. First, the citation from our view, Your Honor, would be at 831 to 855 of the record. That demonstrates that Mr. Zamm exhausted at least one of his appeals regarding the case. 831 to 835? 855. That's right. 855? That's right. Different citation than the government gave. I'll write it. Thank you. Regarding waiver, Your Honor, we've sort of been discussing this. I just wanted to be a little more, expand on my prior comments that under Trigueros, a pro se petitioner's statutory tolling argument based on a separate legal theory than the one presented in the district court was not waived on appeal because the same set of operative facts are in play and because this is primarily a legal issue, consideration of which does not prejudice the State in terms of waiver of the equitable tolling argument. Obviously, we don't contest that Mr. Zamm did not use the legal parlance, equitable tolling. He didn't cite to Rose v. Lundy, which is what happened, at least in Butler. But there were other things that Mr. Zamm did do here that the court found persuasive as him trying to call upon Rose v. Lundy and Butler. The petitioner there notified the court that it dismissed an earlier Federal habeas petition. The order was attached to his filing. Mr. Zamm did that here. The petitioner, Butler, further argued that the erroneous dismissal caused him to believe he had to wait to exhaust all of his State claims before returning to the Federal court. Mr. Zamm also notified the court in this case that that was what happened. In addition to his – and to my prior comments, I think that further demonstrates that he was trying to assert an equitable tolling argument in a manner similar to what happened in Butler. And finally, I think I would just – we have a different view. I think I heard counsel for the State say that the district court does not have to advise a pro se litigant before dismissing the petition, but it's very clear under the case of sense, Jefferson, Butler, that the district court does have an obligation to afford the petitioner an opportunity to amend his first petition to excise those unexhausted claims. Thank you. Thank you. I will say this, and I just wanted to say it because I truly believe it. Those were excellent arguments by two able counsel. Thank you. And I wanted to especially compliment you both. I thought it was well done. The mad briefer served you well. But not only that, but you said good things, and the government was especially good. Thank you very much. Case 12-15656 is submitted.
judges: Piersol, SMITH, CHRISTEN